Filed 5/5/26  P. v. White CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084674 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD149529) |
| DANNY WHITE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Michael D. Butera, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Danny White appeals from the trial court's denial of his petition for resentencing under Penal Code[1] section 1172.6. Pursuant to the jury's true finding on the lying-in-wait special circumstance in White's first degree murder conviction, the trial court found White to be the actual killer and ineligible for relief as a matter of law. White argues his record of conviction does not conclusively establish his resentencing ineligibility and the trial court engaged in prohibited factfinding by determining he was the actual killer. We disagree and affirm the order.

# II. BACKGROUND

In 2000, the San Diego County District Attorney's Office charged White and co-defendant Kevin Lukasik with murdering David Wilkins (§ 187, subd. (a)). The prosecutors alleged the special circumstances that White and Lukasik committed the murder during a robbery and by lying in wait (§ 190.2, subd. (a)(15), (17)). Prosecutors further alleged that White personally used a firearm in the commission of the murder (§ 12022.5, subd. (a)) and that Lukasik was armed with a firearm at the time of the robbery (§ 12022, subd. (a)(1)).

Lukasik entered into a plea agreement with the prosecutors. He was sentenced to 13 years and 4 months in prison for voluntary manslaughter and robbery in exchange for testifying at White's trial.

At White's trial, the trial court instructed the jury that "Lukasik was an accomplice in the crime charged against the defendant." The trial court defined "accomplice" as "a person who is subject to prosecution for the identical offense charged in count 1 (murder) against the defendant on trial

---

[1] All undesignated section references are to the Penal Code.

2

by reason of aiding and abetting."[2]  The trial court's instructions also included aiding and abetting, as well as three theories of first degree murder: deliberate and premediated, felony murder, and lying in wait.

As for the special circumstances, the trial court provided an introductory instruction, which included the following:

> If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of robbery which resulted in the death of a human being, namely David Wilkins.

Regarding the lying-in-wait special circumstance, the trial court instructed the jury:

> . . . each of the following facts must be proved:
>
> 1. [The] [A] defendant intentionally killed the victim.
>
> 2. The murder was committed while [the] [a] defendant was lying in wait.
>
> The term "lying in wait" within the meaning of the law of special circumstances is defined as a waiting and watching for an opportune time to act, together with a concealment by ambush or by some other

---

[2]     Unless otherwise specified, we have removed brackets contained within the original written instructions given to the jury.

secret design to take the other person by surprise . . . .[3]

The jury found White guilty of first degree murder, with true findings on the firearm use allegation and both special circumstances. The trial court sentenced White to prison for life without parole plus 10 years. On direct appeal, this court struck a parole revocation fine, corrected a clerical error in the abstract of judgment, and otherwise affirmed the conviction. (*People v. White* (Nov. 21, 2002, D037739) [nonpub. opn.].)[4]

In 2024, White filed a petition for resentencing pursuant to section 1172.6. After appointing counsel for White, the trial court denied the petition at the prima facie stage. The trial court reasoned that based on the jury's true finding on the lying-in-wait special circumstance, the jury determined that White was the actual killer and acted with premeditation.

### III. DISCUSSION

A.     *Standard of Review*

"When reviewing the denial of a petition for relief under section 1172.6, '[w]e independently review a trial court's determination on whether a petitioner has made a prima facie showing.' " (*People v. Burns* (2023) 95 Cal.App.5th 862, 866.)

B.     *Section 1172.6*

Section 1172.6 authorizes those convicted of now-invalid murder theories to file a petition for resentencing. However, "[a] petitioner is ineligible for resentencing as a matter of law if the record of conviction

---

[3]     The brackets were included in the original written instructions provided to the jury.

[4]     Respondent's request for judicial notice of the record from White's direct appeal is denied. That record is irrelevant to our disposition of the current appeal.

4

conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  In conducting this prima facie inquiry, the court may rely on the record of conviction, which includes the jury instructions.  (*Lopez*, at p. 13.)  Additionally, " '[w]e may look to the jury's verdicts, *and the factual findings they necessarily reflect.*' "  (*People v. Morales* (2024) 102 Cal.App.5th 1120, 1131.)

C.    *The Record of Conviction Conclusively Establishes That White Is Ineligible for Resentencing Relief as the Actual Killer*

The trial court instructed the jury that in order to find the lying-in-wait special circumstance true, it had to determine that "[The] [A] defendant intentionally killed the victim" by "secret design to take the other person by surprise."  Although Lukasik was also charged with Wilkins's murder, he pleaded guilty prior to trial, and White was the only defendant when the matter was submitted to the jury.[5]  The jury instructions also specified that "Lukasik was an accomplice in the crime charged against the defendant" "by reason of aiding and abetting."  Further, the trial court told the jury to "[c]onsider the instructions as a whole and each in light of all the others."  We presume the jury properly correlated and followed these instructions.  (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.)

Because White was the only defendant charged in this case, the jury necessarily determined that White "intentionally killed the victim" and was thus the actual killer by finding the lying-in-wait special circumstance true.

---

[5]    We note that prosecutors charged Lukasik with an armed allegation pursuant to section 12022, subdivision (a)(1), while charging White with a firearm use allegation under section 12022.5, subdivision (a).  This distinction further supports that the People's theory was that White was the actual killer, not the aider and abettor.

(See, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 55 [The verb kill, " '[i]n common understanding, . . . refer[s] to the person who inflicted the fatal injury.' "].) Indeed, the lying-in-wait special circumstance verdict form shows the jury found "that the murder of DAVID WILKINS was committed by defendant DANNY LEE WHITE and that the defendant *intentionally killed* the victim." (Italics added.)

The lying-in-wait special circumstance true finding also shows the jury determined that White intended to kill by surprise attack, which constitutes express malice. (§ 188, subd. (a)(1) ["Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature."].) Directly perpetrating a killing with malice is a valid murder theory under current law (§§ 187–189), making White ineligible for relief under section 1172.6.

Arguing to the contrary, White claims that the introductory instruction on special circumstances allowed the jury to find the lying-in-wait special circumstance true if the jury decided that White acted with reckless indifference to human life and was a major participant in the robbery that led to Wilkins's death. We acknowledge this instruction was given prior to the California Supreme Court clarifying the major participant and reckless indifference elements for an aider and abettor under the felony-murder special circumstance. (See, *People v. Strong* (2022) 13 Cal.5th 698, 703 [discussing § 1172.6 resentencing petitions and the effect of major participant and reckless indifference to human life findings made prior to *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522].)

However, the trial court told the jury that this particular instruction only applied "If you find that a defendant was not the actual killer." The trial court further instructed that "all instructions [are] not necessarily

applicable." As discussed above, the jury found White to be the actual killer, so we presume it did not rely on this inapplicable portion of the introductory special circumstance instruction.

In sum, the trial court correctly determined that White is ineligible for section 1172.6 relief as a matter of law. We therefore affirm.

IV. DISPOSITION

The order is affirmed.


RUBIN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

7